OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of the State of Ohio, filed July 16, 2007. In May, 2007, appellee, Joseph Jordan, ("Jordan") was indicted by a Montgomery County Grand Jury on one count of carrying a concealed weapon (loaded/ready athand) in violation of R.C. 2923.12(A)(2), a fourth degree felony, and one count of having *Page 2 
weapons while under disability (prior drug conviction) in violation of R.C. 2923.13(A)(3), a third degree felony. On June 12, 2007, Jordan filed a motion to suppress the gun recovered from his person. An evidentiary hearing was held and on July 10, 2007, Jordan's motion to suppress was sustained by Judge Froelich. It is from this decision that the State of Ohio appeals.
 {¶ 2} On May 1, 2007, at approximately 3:30 a.m., Officer Ferdinand Leal ("Leal") of the Dayton Police Department was dispatched to Breitenstrater Square Shopping Center in Dayton. An anonymous caller notified the police that a suspicious male had been loitering for some time around the closed businesses in the shopping center. The dispatcher advised Leal that the suspect was a black male, wearing a white t-shirt and blue jeans. Leal responded to the call but found no one matching this description in the shopping center parking lot.
 {¶ 3} Upon exiting the parking lot, Leal noticed a black male wearing a white t-shirt and blue jeans walking westbound in the 1000 block of Patterson Road towards Wilmington Avenue. Leal proceeded to park his cruiser and approach the individual. The subject, later identified as Jordan, turned around, hands in his pockets, and walked towards the officer. Upon inquiry Jordan informed Leal that he had missed his bus and was walking home. Leal then directed Jordan to remove his hands from his pockets. Jordan complied. According to Leal, he then noticed a bulge in Jordan's left front pocket that could have been a gun. Jordan again placed his hands in his pockets despite a directive by Leal. However, Jordan complied with a second directive to remove his hands from his pockets. Nevertheless, Leal ordered Jordan to raise his hands so that he could pat Jordan down. Leal testified this was done for his safety based on the bulge he felt could have been a gun, along with Jordan's refusal to keep his hands *Page 3 
out of his pockets. During the pat down Leal felt a hard object in Jordan's left front pocket that the officer testified he believed to be a gun. Upon removal Leal discovered the object was a gun. Jordan was then placed under arrest.
 I {¶ 4} The State of Ohio's Sole Assignment of Error is as follows:
 {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONCLUDED THAT THE POLICE OFFICER'S PAT DOWN WAS NOT BASED ON A REASONABLE AND ARTICULABLE SUSPICION THAT JORDAN WAS POTENTIALLY ARMED AND DANGEROUS."
 {¶ 6} Appellant argues that the trial court failed to properly consider the totality of the circumstances in sustaining Jordan's motion to suppress. In support of its argument the State asserts that the trial court did not fully examine the circumstances surrounding the pat down of Jordan. The State argues that the record clearly demonstrates that the pat down was justified by a reasonable and articulable suspicion by Leal that Jordan had a gun when all relevant factors are considered.
 {¶ 7} When reviewing a decision regarding a motion to suppress an appellate court must accept the trial court's findings of fact when they are supported by competent, credible evidence. State v. Burnside (2003),100 Ohio St.3d 152, 154-55, 797, N.E.2d 71, 74, 2003-Ohio-5372. Accepting these facts as true, it must then independently determine, without deference to the trial court's decision, whether the facts satisfy the applicable legal standard. Id.
 {¶ 8} We find that competent and credible evidence exists that supports the finding of facts made by the trial court. Therefore, we must accept these facts as true and independently *Page 4 
determine whether these facts satisfy the applicable standard for conducting a pat down search for weapons.
 {¶ 9} It is well recognized that warrantless searches are per se unreasonable under the Fourth and Fourteenth Amendment of the U.S. Constitution unless the search comes under one of the narrow exceptions to this rule. See Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. UnderTerry, an exception was created when the Court balanced a person's right to be free from unreasonable searches and seizures against its interest in protecting the police and public from harm. Id. After weighing these interests the Court held that police officers were allowed to perform limited protective searches for concealed weapons when the surrounding circumstances created a suspicion that an individual may be armed and dangerous. Id.
 {¶ 10} In Ohio, the propriety of a Terry stop must be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of syllabus. The totality of the circumstances must "be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991), 57 Ohio St. 3d 86,87-88, 565 N.E.2d 1271, 1273, citing State v. Freeman (1980),64 Ohio St.2d 291, 295, 414 N.E.2d 1044, 1047. In order to be legal "a search for weapons, whether of the immediate person of the suspect, or of areas to which the suspect has access or will gain access, must be justified by a reasonable and articulable suspicion that the suspect is dangerous and will gain immediate control of weapons." State v. Bell, Montgomery App. No. 21518, 2006-Ohio-4648, at _81, quoting State v. Daniel, Montgomery App. No. 13891, at _7, citing Michigan v. Long (1983),463 U.S. 1032, 103 S.Ct. 3469. *Page 5 
 {¶ 11} For an anonymous tip to provide the suspicion required to perform a pat down search, the information obtained must be independently corroborated by the police officer to demonstrate that the defendant was engaged in criminal activity. State v. Works, Montgomery App. No. 19557, 2003-Ohio-4720, at _19, citing Alabama v. White (1990),496 U.S. 325, 110 S.Ct. 2412. Here, an anonymous caller notified the police that a black male wearing a white t-shirt and blue jeans had been hanging around Breitenstrater Square. Upon his arrival, Leal encountered Jordan some distance away from the businesses, and did not observe the suspect engaging in any criminal activity. Therefore, the anonymous call merely gave the officer a reason to investigate, but did not provide the suspicion necessary to conduct a pat down search.
 {¶ 12} Initially, the encounter between Officer Leal and Jordan was consensual. Jordan was responsive and cooperative with Leal's inquiries. In a Terry stop, a consensual encounter becomes a seizure when, in view of all the circumstances surrounding the incident, by means of physical threat or show of authority a reasonable person would believe he was not free to leave. State v. Taylor (1995), 106 Ohio App.3d 741, 748,667 N.E.2d 60, 65, citing U.S. v. Mendenhall (1980), 446 U.S. 544, 553,100 S.Ct. 1870, 1877. We agree with the trial court's finding that once the officer ordered Jordan to put his hands up, any reasonable person would have believed he was not free to leave. At that point, the consensual encounter became a seizure. Therefore, Leal needed a reasonable and articulable suspicion that Jordan was armed and dangerous before he could conduct the pat down search for weapons.
 {¶ 13} Appellant argues that Jordan's persistence on putting his hands in his pockets, coupled with Leal's observation of a "bulge" in Jordan's left front pocket alone provided the suspicion needed in order to conduct a pat down search for weapons. In support of this *Page 6 
argument appellant directs our attention to State v. Wa-Tenza, Montgomery App. No. 20347, 2005-Ohio-43, where a motion to suppress a pistol on defendant's person during a pat down search was overruled. Id. at _4. There, the investigatory stop occurred in a known trouble spot where the police received regular complaints of gunfire. Id. at _8. Also, the defendant acted suspiciously when, upon seeing the police, he turned in the other direction and removed what the police suspected was contraband from his person into another vehicle. Id. This was found to be sufficient to create a reasonable and articulable suspicion that the defendant was trying to conceal something of a criminal nature. Id.
 {¶ 14} We find appellant's argument unpersuasive. Here, the trial court found that the stop did not take place in a high crime area. No testimony was provided by Leal to indicate that Jordan was noncompliant or threatening in any way. Jordan did not remove anything from his person, and at no time did he attempt to elude the officer. Leal testified that he did not observe Jordan engage in any illegal activity. Jordan's only suspicious action was placing his hands in his pockets after Leal had observed a "bulge" that "could have" been a gun. We find that these circumstances alone would not have raised the reasonable and articulable suspicion that Jordan was armed and dangerous. Therefore, we find that the trial court was correct in sustaining Jordan's motion to suppress.
 {¶ 15} The State of Ohio's Sole Assignment of Error is overruled.
 II {¶ 16} The State of Ohio's Sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed. *Page 7 
BROGAN, J., concurs.