[Cite as *State v. Purvis*, 2014-Ohio-2865.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    13CA0019 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CODY ARCHER PURVIS | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellee | CASE Nos.    TRC 13-03-03033 CRB 13-03-00452 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant the State of Ohio appeals from the entry granting Defendant-Appellee Cody Purvis' motion to suppress. For the reasons set forth below, we affirm.

I.

{¶2} After an encounter with police on March 24, 2013, Mr. Purvis was arrested for operating a vehicle while intoxicated and underage consumption of alcohol. Ultimately, Mr. Purvis was charged with violations of R.C. 4301.69(E)(1), R.C. 4511.19(A)(1)(a), and R.C. 4511.19(B)(3). Mr. Purvis filed a motion to suppress, asserting that police did not have reasonable suspicion to stop him. The State opposed the motion, maintaining that the encounter between Mr. Purvis and the police was consensual. After a hearing, the trial court granted Mr. Purvis' motion to suppress. The State has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING PURVIS'S MOTION TO SUPPRESS ON THE BASIS THAT PURVIS'S CONTACT WITH OFFICER LASKOWSKI WAS NOT A CONSENSUAL ENCOUNTER.

{¶3} The State asserts in its sole assignment of error that the trial court erred in granting Mr. Purvis' motion to suppress because the encounter with Officer Laskowski was consensual. We do not agree.

{¶4} The Supreme Court of Ohio has held that

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶5} The Fourth Amendment to the U.S. Constitution and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. "Searches and seizures conducted outside the judicial process are per se unreasonable under the Fourth Amendment, subject to well-delineated exceptions." *State v. Robinson,* 9th Dist. Summit No. 26741, 2014-Ohio-579, ¶ 13, citing *Katz v. United States*, 389 U.S. 347, 357 (1967). Nonetheless, "'not all personal intercourse between policemen and citizens involves "seizures" of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred' within the meaning of the Fourth Amendment." *State v. Goodloe,* 10th Dist. Franklin No. 13AP-141, 2013-Ohio-4934, ¶ 6, quoting *Terry v. Ohio,* 392 U.S. 1, 19 (1968), fn. 16.

**{¶6}** Thus, "[a] consensual encounter occurs when a police officer approaches a person in a public place, engages the person in conversation or requests information, and the person remains free not to answer and walk away." *Goodloe* at ¶ 8. "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." *United States v. Mendenhall,* 446 U.S. 544, 554 (1980). "A consensual encounter can quickly turn into a seizure of the person, requiring at least a reasonable, articulable suspicion of criminal activity." *State v. Rackow,* 9th Dist. Wayne No. 06-CA-0066, 2008-Ohio-507, ¶ 10. "A person is seized within the meaning of the Fourth Amendment when, in view of the totality of the circumstances, 'a reasonable person would have believed that he was not free to leave.'" *Id.* quoting *Mendenhall* at 554. "Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall* at 554. "In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person." *Id.* at 555.

**{¶7}** The sole issue placed before the trial court was whether the encounter between Mr. Purvis and the police was consensual. There was no argument made by the State that police possessed reasonable articulable suspicion to initially stop Mr. Purvis.

**{¶8}** Officer Laskowski, who, at the time, was a police officer with the City of Wooster for two years, testified about his encounter with Mr. Purvis on March 24, 2013, during the early morning hours. Prior to the encounter, Officer Laskowski had been part of a police response to

complaints about a loud party at a house on Cedar Lane.  Officers broke up the party and spoke to several people about underage drinking.  After that, Officer Laskowski remained in the area, in his marked cruiser which was parked on Cedar Lane.

{¶9}    Around 1:50 a.m., Officer Laskowski observed Mr. Purvis exit the house involved in the house party, get into a vehicle and travel east on Cedar.  The vehicle then pulled into the driveway of 1566 Cedar Lane.  Officer Laskowski then moved his vehicle up to the driveway of 1566.  Officer Laskowski saw Mr. Purvis exit the vehicle and called out to ask him if he had just left from the house a few doors down.  Officer Laskowski denied telling Mr. Purvis to stop.  Mr. Purvis told the officer that he was and was picking up his girlfriend.  Officer Laskowski then asked if Mr. Purvis was aware of the prior police activity at that house, to which Mr. Purvis replied that that was why he was picking up his girlfriend.  At this point Officer Laskowski noticed that Mr. Purvis' eyes were watery and glassy, which indicated to Officer Laskowski that Mr. Purvis had possibly been consuming alcohol.  According to Officer Laskowski, he never drew his weapon, told Mr. Purvis that he could not leave, or commanded him to do anything.  On cross examination, Officer Laskowski was asked if he called out to Mr. Purvis and pointed his flashlight at him.  Officer Laskowski did not mention the flashlight in response and instead testified that he asked Mr. Purvis if he had come from the house a few doors down.  Officer Laskowski was 100% certain that he did not tell Mr. Purvis to stop.

{¶10}  Mr. Purvis also testified at the suppression hearing and characterized the events that evening differently.  Mr. Purvis indicated that he had been at the house where the party was.  Approximately 45 minutes after the party broke up, Mr. Purvis was outside talking on the phone to his girlfriend.  His girlfriend asked him to drive her car back to her aunt's house at 1566 Cedar Lane.  After arriving at 1566 Cedar Lane, he exited the vehicle and proceeded to go towards the

house.  Right "before [he] approached the door [he] heard [']hey stop,['] turned around and s[aw Officer Laskowski shining] a flashlight in [his] face."  Mr. Purvis testified that Officer Laskowski "asked [Mr. Purvis] to come over to [Officer Laskowski]."  Mr. Purvis stated that, if he would not have stopped or went over to the officer, Mr. Purvis "would [have] got[ten] not listening to a police officer[.]"  Mr. Purvis believed that "that was the order of the police officer" and that he "was required to walk over to him."  Mr. Purvis indicated that he did not feel free to leave.

{¶11}  The trial court found that the encounter was not consensual and appeared to credit Mr. Purvis' testimony over that of the officer.  The trial court stated that it "[didn't] think there was any consent here [and] * * * [Mr. Purvis'] testimony [that] the flashlight was shined in his eyes is further evidence of that.  No one consents upon greeting someone or meeting someone in a voluntary manner to have a flashlight shine in your face at night."  While the trial court's factual findings are limited, it is clear from the above that the trial court found Mr. Purvis more credible than Officer Laskowski.  Officer Laskowski never testified to shining a flashlight on Mr. Purvis and, in fact, did not mention a flashlight at all.

{¶12}  As noted above, the trial court, as the trier of fact, was in the best position to resolve factual questions and evaluate the credibility of the witnesses.  *Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.  It appears that the trial court found Mr. Purvis' testimony credible.  Taking Mr. Purvis' testimony as true, as it appears the trial court did, we cannot conclude the trial court erred in granting the motion to suppress.  The State's main argument appears to be that the trial court only considered whether Mr. Purvis felt free to leave, not whether a reasonable person would have felt free to leave under the circumstances.  *See Rackow,* 2008-Ohio-507, at ¶ 10.  However, immediately prior to rendering a decision in open court, the State reminded the

court of the correct standard; it noted that "whether or not a consensual encounter occurred is merely an objective review of the facts. Subjectively what the defendant believed is irrelevant." Thereafter, the trial court made its ruling. The language used by the court at the hearing suggests it was considering whether a reasonable person would have felt free to leave. It framed its conclusions in terms of people in general, not just what Mr. Purvis would have thought. While the trial court's journal entry is less careful with its wording, considering the entirety of the proceedings, we cannot say that the State has demonstrated that the trial court applied the wrong legal standard.

{¶13} Additionally, the State contends that even if the trial court did consider the correct standard, the encounter was consensual. In doing so, the State relies on *State v. Patterson,* 9th Dist. Summit No. 23135, 2006-Ohio-5424. *Patterson* involved a police-citizen encounter in which police noticed a vehicle running in a parking spot at the back of a Denny's parking lot around 3 a.m. *Id.* at ¶ 5. The vehicle's windows were fogged up, and the parking lights were on. *Id.* Police turned on their red and blue flashers, pulled in front of the vehicle, and exited the cruiser. *Id.* At that time, the person inside the running car, turned the car off, exited the vehicle, and began to walk away from it. *Id.* The two officers then began to converse with the defendant. *Id.*

{¶14} This Court concluded that that portion of the encounter was not a seizure and was consensual. *Id.* at ¶ 18. In doing so, we concluded that police did not "use any language or tone to compel [the defendant's] responses, or otherwise indicate that [defendant's] compliance with [the officer's] request for information was compelled." *Id.* The facts of this matter are distinguishable. It is clear that the trial court believed that Officer Laskowski told Mr. Purvis to stop, shined a flashlight in his eyes, and commanded Mr. Purvis to go to Officer Laskowski's

location. Those facts were not present in *Patterson*. The facts here would evidence a demonstration of police authority that would cause a reasonable person to feel not free to leave or walk away. *See Mendenhall,* 446 U.S. at 554; *see also Rackow,* 2008-Ohio-507, at ¶ 10. Ordering Mr. Purvis to stop, shining a flashlight in his eyes, and commanding him to come to Officer Laskowski are facts that tend to indicate that this was not a consensual citizen-police encounter. *See State v. Murray,* 8th Dist. Cuyahoga No. 91368, 2009-Ohio-2130, ¶ 36 (consensual encounter until defendant asked to step out of the parked car); *State v. Ghiloni,* 5th Dist. Licking No. 08 CA 0091, 2009-Ohio-2330, ¶ 25-26 (non-consensual encounter where officer called to defendant to come over and instructed defendant to put trash bags down and sit on the side of the road); *State v. Mitchell,* 11th Dist. Lake No. 2004-L-071, 2005-Ohio-3896, ¶ 13 (consensual when officers did not command defendant to stop); *Mitchell* at ¶ 14 (consensual encounter terminated when officer demanded to see defendant's hands); *State v. Cook,* 2d Dist. Montgomery No. 20427, 2004-Ohio-4793, ¶ 15 (consensual encounter ended when officer commanded defendant to open up her hand). Moreover, although not addressed by the trial court, we note that Officer Laskowski's initial questioning was focused on Mr. Purvis' possible association with prior police activity; the officer asked Mr. Purvis if he had come from the house a few doors down and when he indicated he had, the officer asked if Mr. Purvis was aware that the police had just been at the house to break-up a house party. *See Goodloe,* 2013-Ohio-4934, at ¶ 14 (noting that "[t]he accusatory nature of the questioning also creates an air of authority that could further cause a reasonable person to believe that he was not free to leave and that he had to answer the officer's questions."); *State v. Hurt,* 2d Dist. Montgomery No. 14882, 1995 WL 259176, *5 (May 5, 1995) (noting that "the type of questions forwarded by officers may lead a reasonable person to believe he is not free to leave[]").

**{¶15}** Thus, considering the totality of the circumstances, this Court cannot conclude that the trial court erred in granting Mr. Purvis' motion to suppress on the basis that the encounter was not consensual and in light of the fact that no other arguments were placed before the trial court. We overrule the State's sole assignment of error.

III.

**{¶16}** In light of the foregoing, we affirm the judgment of the Wayne County Municipal Court.

Judgment affirmed.

------

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellant.

DAVID C. KNOWLTON, Attorney at Law, for Appellee.