[Cite as *State v. Bowens*, 2014-Ohio-4263.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | C.A. No. 13CA010417 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TERRANCE LYNN BOWENS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 12CR085391 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2014

BELFANCE, Judge.

{¶1} Terrance Bowens has appealed the trial court's denial of his motion to suppress. For the reasons set forth below, we affirm.

I.

{¶2} Lorain County Sheriff Deputies Todd Weegman and Eric Gregus were on patrol around midnight when they received a dispatch that four men were fighting in the parking lot at The Brass Pole, an exotic dance club. The deputies drove to the establishment and observed four men standing in the parking lot. The officers got out of their vehicle, and Deputy Weegman instructed the men to come over to them. One of the men, who was later identified as Mr. Bowens, began to walk away at a quick pace, and the deputies followed him, telling him to stop and to turn around. As Deputy Weegman approached, he saw Mr. Bowens toss up his right arm and "saw something white fly out of it[.]" The deputies took Mr. Bowens to the ground,

handcuffed him, and performed a pat-down to search for weapons. Deputy Weegman picked up the baggie, which appeared to contain crack cocaine.

{¶3} Mr. Bowens was charged with trafficking in drugs with an underlying forfeiture specification, tampering with evidence, possessing or using drug paraphernalia, and two counts of possession of drugs. Mr. Bowens moved to suppress all of the evidence in the case, arguing that it was obtained from an illegal seizure. The trial court overruled his motion, and Mr. Bowens pleaded no contest to all counts. The trial court found Mr. Bowens guilty on all counts and sentenced him to an aggregate term of three years in prison.

{¶4} Mr. Bowens has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS, THEREBY VIOLATING HIS RIGHT TO BE SECURE FROM AN UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶5} Mr. Bowens argues that the trial court erred in denying his motion to suppress because Deputies Weegman and Gregus lacked reasonable, articulable suspicion when they stopped him.

{¶6} The Supreme Court of Ohio has held that

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶7}   The trial court found that Deputies Weegman and Gregus were within a quarter-mile of The Brass Pole when they received a call that a fight was in progress between four males at that location.   The deputies arrived at The Brass Pole shortly after receiving the call and observed four men talking.   Deputy Weegman called the men over to the vehicle, and three of them complied.   However, Mr. Bowens walked away from the deputies towards the side entrance of the establishment.   The deputies "began quickly walking" after Mr. Bowens who went towards the rear of the building.   When Mr. Bowens threw his hands in the air, the deputies saw him throw a white object from his right hand and then ordered Mr. Bowens to the ground.   Mr. Bowens was detained while Deputy Weegman searched for the thrown object.

{¶8}   Neither party has challenged the factual findings of the trial court, and our own review of the evidence leads us to conclude that the trial court's findings of fact are supported by competent, credible evidence.   Thus, we accept the trial court's findings as true.   *Burnside* at ¶ 8.

{¶9}   During the suppression hearing Mr. Bowens challenged the constitutionality of the warrantless seizure of his person.   On appeal, he argues that the trial court erred in overruling his motion because the deputies lacked reasonable, articulable suspicion to stop him.

{¶10}   The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution both protect individuals from unreasonable searches.   With respect to the Fourth Amendment, the United States Supreme Court has repeatedly stated that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions." (Internal quotations and citations omitted.) (Emphasis omitted.) *California v. Acevedo*, 500 U.S. 565, 580 (1991).   One exception is that a brief investigatory

seizure may be warranted where there is reasonable articulable suspicion that a crime is occurring or about to occur. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). Whether reasonable suspicion exists is based on objective evaluation of the totality of the circumstances. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7; *State v. Bobo*, 37 Ohio St.3d 177, 178-179 (1988).

{¶11}    A person is seized when by means of physical force or a show of authority, his freedom of movement is restrained. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a seizure' has occurred within the meaning of the Fourth Amendment." (Internal quotations and citations omitted.) *State v. Purvis*, 9th Dist. Wayne No. 13CA0019, 2014-Ohio-2865, ¶ 5; *Terry* at 16 ("It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."); *United States v. Mendenhall,* 446 U.S. 544, 553 (1980) ("We adhere to the view that a person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained. Only when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards."); *California v. Hodari D.*, 499 U.S. 621, 629 (1991) (concluding that an offender is not seized for the purposes of the Fourth Amendment until the offender yields to the law enforcement officers' show of authority).

{¶12}  Upon review of the totality of the circumstances as reflected in the record, we conclude that the deputies had reasonable, articulable suspicion to detain Mr. Bowens upon observing him throw a baggie containing a white substance. Because Mr. Bowens limits his arguments to whether the report of a fight and the observations of four men in the parking lot provided reasonable, articulable suspicion to seize him, Mr. Bowens does not develop any

argument as to whether the officers had reasonable, articulable suspicion under the totality of the circumstances. *See* App.R. 16(A)(7). The deputies received a report about a fight involving four men and arrived on the scene a short time later. They observed four men and attempted to talk to them. One of the men walked away, but, when the officers moved towards him, the man threw a baggie with a white substance 15-20 feet away. While a person may have an entirely innocent reason for discarding an item while being approached by law enforcement officers, the act could also reasonably be an attempt to get rid of contraband. Thus, under the totality of the circumstances in this case, we must conclude that the deputies had reasonable, articulable suspicion of criminal activity and, therefore, could detain Mr. Bowens to further investigate. *See State v. White*, 8th Dist. Cuyahoga No. 93109, 2010-Ohio-521, ¶ 18.

{¶13} Mr. Bowens' assignment of error is overruled.

III.

{¶14} In light of the foregoing, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

      Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
CARR, J.
CONCUR.


APPEARANCES:

PAUL GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.