[Cite as *State v. Gilmore*, 2016-Ohio-8282.]

STATE OF OHIO     )      IN THE COURT OF APPEALS
            )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

STATE OF OHIO         C.A. No.   27980

   Appellee

   v.             APPEAL FROM JUDGMENT
                 ENTERED IN THE
DAVID C. GILMORE      COURT OF COMMON PLEAS
                 COUNTY OF SUMMIT, OHIO
   Appellant        CASE No.  CR 13 10 2743

DECISION AND JOURNAL ENTRY

Dated: December 21, 2016

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, David C. Gilmore, appeals the denial of his motion to suppress by the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** Gilmore was indicted on one count of trafficking marijuana in violation of R.C. 2925.03(A)/(C)(3) and one count of possession of marijuana in violation of R.C. 2925.11(A)/(C)(3). The indictment arose from an encounter between Gilmore and Akron Police Officers Manzo and Hadbavny. During the encounter, Gilmore admitted to possessing marijuana and a subsequent pat-down search performed by Officer Hadbavny produced a marijuana bowl and eleven baggies of marijuana.

**{¶3}** Gilmore pleaded not guilty at his arraignment and moved to suppress the evidence found during the pat-down, asserting the officers lacked a reasonable, articulable suspicion of

criminal behavior to justify stopping him and that he was restrained and questioned without being advised of his *Miranda* rights. The State responded, arguing the encounter was consensual or, in the alternative, the officers had a reasonable suspicion of criminal activity to stop him. The State also argued that Gilmore was not in custody when speaking to the officers and *Miranda* warnings were not required. The trial court conducted a hearing on the motion and heard testimony from both Officer Manzo and Officer Hadbavny.

{¶4} Following the hearing, the trial court denied the motion to suppress in a journal entry which did not set forth findings of fact or a basis for the denial. Thereafter, Gilmore changed his plea to no contest. The trial court found Gilmore guilty and sentenced him to one year of non-reporting community control with the option to do community service in lieu of fines and costs and a six month driver's license suspension.

{¶5} Gilmore appealed and this Court reversed and remanded, concluding the encounter between Gilmore and the Akron Police officers was not consensual. *State v. Gilmore*, 9th Dist. Summit No. 27344, 2015-Ohio-2931, ¶ 10. This Court remanded the matter to the trial court for a determination as to whether the officers' approach of Gilmore was justified as an investigative stop and a determination as to whether the officers violated Gilmore's *Miranda* rights. *Id.* at ¶12.

{¶6} Upon remand, the trial court issued a second journal entry denying Gilmore's suppression motion. The trial court again found the encounter between Gilmore and the Akron Police officers was consensual and presented findings of fact considered in making that determination. In the alternative, the trial court found that an investigative stop was justified by a reasonable, articulable suspicion of criminal activity due to Gilmore's nervous and evasive behavior. The trial court also found that the officers did not violate Gilmore's *Miranda* rights.

{¶7} Gilmore filed this timely appeal, raising one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**The trial court erred in denying [Gilmore's] motion to suppress.**

{¶8} In his sole assignment of error, Gilmore argues the trial court erred by denying his motion to suppress his statement and the marijuana. We disagree.

{¶9} Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court assumes the role of trier of fact and is in the best position to evaluate witness credibility and resolve factual issues. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Accordingly, an appellate court must accept a trial court's findings of fact when they are supported by competent, credible evidence. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100. However, accepting those facts as true, the appellate court must independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard. *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶10} As an initial matter, Gilmore argues the trial court's decision must be reversed because the trial court disregarded the law of the case by including findings of fact and conclusions of law with regard to whether his interaction with officers was a consensual encounter. "The doctrine of the law of the case * * * establishes that the 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Hood v. Diamond Prod., Inc.*, 137 Ohio App.3d 9, 11 (9th Dist.2000), quoting *Pipe Fitters Union Local No. 392 v. Kokosing*

*Constr. Co., Inc.*, 81 Ohio St.3d 214, 218 (1998). Consequently, "[a]n inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.* quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

{¶11} In this case, this Court previously concluded that "the trial court erred to the extent that it determined that the officers' contact with Gilmore amounted to a consensual encounter." *Gilmore*, 2015-Ohio-2931 at ¶10. Therefore, the trial court lacked authority to reconsider whether the encounter between Gilmore and the Akron Police officers was consensual. Nonetheless, in the context of this specific case, the doctrine of the law of the case does not require us to reverse because the trial court properly denied Gilmore's motion to suppress on alternative matters, namely that the officers' investigatory stop was constitutionally proper.

{¶12} Gilmore alternatively contends that the trial court erred when it found the arresting officers had a reasonable, articulable suspicion of criminal activity justifying an initial investigative stop. In reaching its determination, the trial court made the following factual determinations. Both Officers testified that prior to going on duty October 1, 2013, they were advised that the Akron Police Department had received a number of citizen complaints and were instructed to check and patrol the Baho market at the corner of Oakdale Avenue and West Market Street in Akron for suspicious drug activity. Later that day, while on duty during daylight hours, Officers Manzo and Hadbavny parked their patrol vehicle about a block west of the market. At that time, they observed Gilmore walking toward them at a normal pace on Oakdale Avenue in the direction of Market Street. The officers further testified that Gilmore's presence near the Baho market did not begin to raise concern until the officers observed Gilmore's eyes widen upon seeing their cruiser as they pulled it forward and Gilmore

immediately turn and walk briskly in the opposite direction. Officer Hadbavny stated that those actions raised suspicion that Gilmore was attempting to evade the officers. The officers then observed Gilmore leave the sidewalk and cut in between what they thought were backyards. Both officers testified they perceived Gilmore's actions as avoidance and became suspicious. At that time, the officers lost sight of Gilmore.

{¶13} Officer Hadbavny turned the cruiser around and used a cut-through in an effort to catch-up with Gilmore, but did not immediately see him. A short time later the officers then observed Gilmore walking east on West Market Street at a normal pace. Although there was a discrepancy in the testimony of the officers regarding where on West Market Street they saw Gilmore, the trial court found that both officers believed he must have moved very quickly to have traveled so far in a short amount of time. This increased their suspicions of his behavior.

{¶14} The trial court then found that the officers drove to Gilmore's location and asked him if they could talk to him. Following a brief exchange where Officer Hadbavny questioned Gilmore regarding his recent movements, Officer Hadbavny asked Gilmore if he had anything illegal on him. Gilmore stated he had marijuana in his pocket. This concerned Officer Hadbavny because in his experience, where there are drugs, there are weapons. The trial court noted that when Officer Hadbavny asked Gilmore if he had anything illegal on him, he was neither in handcuffs nor under formal arrest. There was no evidence the officers yelled or used anything but a normal tone of voice and no evidence the officers threatened or touched Gilmore. Further, the encounter occurred in a public place with only the two officers present. The lights and siren on their cruiser were not activated and neither officer touched or reached for their weapon. Based on these factual findings, the trial court determined the officers' continued

detention and frisk of Gilmore was reasonable and that he was not in custody when he stated he had marijuana on his person.

{¶15} Upon review of the trial court's findings and the record on appeal, we determine that the trial court's factual findings were supported by competent credible evidence. *See Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 10. Having concluded that that the trial court's factual findings were supported by competent credible evidence, we must now determine whether those facts satisfy the applicable legal standards. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶16} The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution protect citizens from unreasonable searches and seizures. When conducted without a warrant, a search or seizure is presumptively unreasonable, subject to a few exceptions. *State v. Starr*, 9th Dist. Lorain No. 14CA010586, 2015-Ohio-2193, ¶ 12. One such exception is the *Terry* stop, which allows an investigatory seizure of an individual where an officer has reasonable articulable suspicion that a crime is occurring or about to occur. *State v. Bowens*, 9th Dist. Lorain No. 13CA010417, 2014-Ohio-4263, ¶10, citing *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). Review of an investigative stop should be based on a totality of the circumstances as viewed by a reasonable and cautious police officer on the scene, guided by his experience and training. *State v. Carano*, 9th Dist. Summit No. 26544, 2013-Ohio-1633, ¶ 8, citing *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988). "A totality of the circumstances review includes consideration of '(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances.'" *Id.* quoting *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14, citing *Bobo* at 178-179.

{¶17} Gilmore asserts the officers in this case were not able to articulate any specific facts that would warrant a reasonable belief of criminal activity and that they illegally stopped him simply because he was in a "known drug area". However, it was not Defendant's mere presence in a high drug area that aroused the officer's suspicion; rather, it was his perceived unprovoked flight and evasive maneuvering upon noticing the officers that did. The United States Supreme Court has recognized that nervous, evasive behavior is a pertinent factor in determining reasonable suspicion. *United States v. Brignoni-Ponce*, 422 U.S. 873, 885 (1975); *Florida v. Rodriquez*, 469 U.S. 1, 6 (1984); *United States v. Sokolow*, 490 U.S. 1, 8-9 (1989). "Headlong flight-wherever it occurs-is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." *City of Akron v. Harvey*, 9th Dist. Summit No. 20016, 2000 WL 1859838 (Dec. 20, 2000). Therefore, we determine that the officers had a reasonable, articulable suspicion of criminal activity sufficient to conduct an investigative detention of Gilmore.

{¶18} Gilmore additionally argues that once he provided the officers with his identification and a legal reason for his presence, any further questioning by the officers was illegal since any time "a person is detained by the police on less than probable cause the detention 'must be *temporary* and the investigative methods must employ the *least intrusive means available*.'" (Emphasis sic.) *State v. Rackow*, 9th Dist. Wayne No. 06-CA-0066, 2008-Ohio-507, ¶ 11, citing *State v. Robinette*, 80 Ohio St.3d 234 (1997). Although Gilmore did not assert this argument in his motion to suppress, we note the trial court specifically concluded that the officers' continued detention and frisk of Gilmore was reasonable based on Gilmore's disclosure that he had marijuana on his person and the officer's experience that drugs and weapons are a frequent combination. While these factors are not necessarily indicative of

criminal activity, *Terry* permits an officer to briefly detain an individual to resolve any ambiguity in their conduct. *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000). Further, officers are permitted to "perform limited protective searches for concealed weapons when the surrounding circumstances created a suspicion that an individual may be armed and dangerous." *State v. Jordan*, 2d Dist. Montgomery No. 22271, 2008-Ohio-199, ¶ 9, citing *Terry*, 392 U.S. at 27. Therefore, we conclude that based on Gilmore's disclosure that he had marijuana in his pocket and the officer's experience that where there are drugs, there are weapons; the officers were justified in further investigating Gilmore's behavior.

{¶19} Lastly, Gilmore argues his statement concerning the marijuana in his pocket should have been excluded because it was made while he was in custody without being apprised of his *Miranda* rights. In *Miranda v. Arizona*, the Supreme Court of the United States held the State may not use statements from a custodial interrogation in the prosecution of a defendant unless it demonstrates the use of procedural safeguards which secure the defendant's privilege against self-incrimination. 384 U.S. 436, 444 (1966). For *Miranda* purposes, a person is "in custody" only where there is a "restraint on freedom of movement of the degree associated with a formal arrest." *State v. Marrero*, 9th Dist. Lorain No. 10CA09867, 2011-Ohio-3745, ¶ 14, quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983). Inquiries relevant to this determination include whether the suspect was free to leave, the purpose, place and length of the questioning, and whether a reasonable person in the suspect's position would have considered himself to be in custody. *State v. Jackson*, 9th Dist. Summit Nos. 27132, 27200, 27133, 27158, 2015-Ohio-5246, ¶ 48, citing *Akron v. Wilkerson*, 9th Dist. Summit No. 15434, 1992 WL 194183 (Aug. 12, 1992).

**{¶20}** Upon review of the record on appeal, we conclude that Gilmore's freedom of movement was not restrained such that a reasonable person in Gilmore's position would believe he was under arrest. First, there was no evidence the officers threatened or touched Gilmore. Second, there was no evidence the officers yelled or used anything but a normal tone of voice. Third, the encounter occurred in a public place with only the two officers present. Lastly, the officers never activated their lights and siren on their cruiser and neither officer touched or reached for their weapon.

**{¶21}** Accordingly, we determine the trial court did not err by concluding that the officers had a reasonable, articulable suspicion of criminal activity sufficient to stop Gilmore and that Gilmore was not in custody for the purposes of *Miranda* when he stated he had marijuana in his pocket. Therefore, we overrule Gilmore's sole assignment of error.

III.

**{¶22}** Gilmore's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS IN JUDGMENT ONLY.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶23} I concur in judgment only based solely on our standard of review.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.