[Cite as *State v. Malson*, **2019-Ohio-4447**.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29310 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD MALSON | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 17TRC12405 |

DECISION AND JOURNAL ENTRY

Dated: October 30, 2019

CALLAHAN, Judge.

{¶1} Appellant, Richard Malson, appeals a decision that denied his motion to suppress. This Court reverses.

I.

{¶2} On July 6, 2017, Mr. Malson rear-ended another vehicle on the Ghent Road exit ramp from Interstate 77 in Summit County. The Bath Township Police Department responded to the scene, then called the Ohio State Highway Patrol because the accident occurred on a highway exit ramp. Trooper Ciera Castillo responded. After noting that Mr. Malson exhibited some physical indications of alcohol consumption, Trooper Castillo performed field sobriety testing. At the conclusion of the field sobriety tests, Trooper Castillo placed Mr. Malson under arrest, and he was transported to the Bath Township Police Department, where he agreed to take a breathalyzer test. The results of the breathalyzer test indicated that he had a concentration of .145 grams of alcohol per 210 liters of breath.

**{¶3}** Mr. Malson was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and driving with a prohibited concentration of alcohol in his breath in violation of R.C. 4511.19(A)(1)(d). He moved to suppress the results of the field sobriety tests and the breathalyzer test, arguing in part that the field sobriety tests were not conducted in substantial compliance with National Highway Transportation and Safety Administration ("NHTSA") guidelines. He also argued that the results of the breathalyzer test should be suppressed because, without the results of the field sobriety tests, Trooper Castillo did not have probable cause to arrest him. In the alternative, Mr. Castillo identified numerous provisions of the Ohio Administrative Code that regulated breathalyzer testing and urged the trial court to suppress those results as well.

**{¶4}** The trial court denied the motion to suppress, noting on the record that "under the totality of the circumstances there was probable cause to make the arrest." With respect to Mr. Malson's argument that the results of the breathalyzer test should be suppressed, the trial court concluded that the motion to suppress did not contain sufficient facts to shift the burden to the State to prove compliance. The case proceeded to trial, and a jury found Mr. Malson guilty of both charges. The trial court merged the convictions for purposes of sentencing and sentenced Mr. Malson to 180 days in jail with all but three days suspended. The trial court also suspended his driver's license for twelve months and fined him $500.

**{¶5}** Mr. Malson appealed. He did not assign any errors in connection with the conduct of the trial or with his convictions. Instead, his three assignments of error relate solely to the trial court's decision denying his motion to suppress.

II.

**ASSIGNMENT OF ERROR NO. 1**

DID THE TRIAL COURT ERROR [*SIC*] IN FINDING THAT THE FIELD SOBRIETY TESTS WERE CONDUCTED IN SUBSTANTIAL COMPLIANCE WITH THE NHTSA MANUAL WHEN THE STATE FAILED TO INTRODUCE THE APPLICABLE PORTIONS OF THE NHTSA MANUAL STANDARDS INTO EVIDENCE[?]

**ASSIGNMENT OF ERROR NO. 2**

DID THE TRIAL COURT ERROR [*SIC*] IN FINDING THAT THE FIELD SOBRIETY TESTS WERE CONDUCTED IN SUBSTANTIAL COMPLIANCE WITH THE NHTSA MANUAL[?]

{¶6} Mr. Malson's first two assignments of error allege that the trial court erred by determining that Trooper Castillo conducted the field sobriety tests in substantial compliance with the NHTSA guidelines.

{¶7} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id.*; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶8} In this case, however, the trial court did not make either findings of fact or conclusions of law regarding whether Trooper Castillo conducted the field sobriety tests in substantial compliance with the NHTSA regulations. The trial court did not issue a written decision denying the motion to suppress, and the trial court's ruling on the record did not address the issue. Instead, after concluding that there was reasonable basis for the traffic stop that preceded the field sobriety tests, the trial court moved on directly to consider the broader issue of whether there was probable cause for the arrest given the totality of the circumstances:

> Secondly, I think we need to move on to whether or not there was probable cause for the arrest. Trooper Castillo testified at length about the observations she made about [Mr. Malson]. [Defense counsel], I agree with you that the Horizontal Gaze Nystagmus was not done in strict compliance with the NHTSA manual nor was the Walk and Turn. However, for purposes of this hearing, which is a Motion to Suppress, it's not putting the State on the burden of beyond a reasonable doubt. I'm to look at substantial compliance with the NHTSA manual and I'm required, at this time, to look at the totality of the circumstances surrounding whether or not at the time for Mr. Malson's detainment there existed probable cause to arrest him for the offense of OVI. The Court does find that under the totality of the circumstances there was probable cause to make the arrest.

This Court is unable to review the substance of Mr. Malson's first and second assignments of error at this time because it is unclear whether the "totality of the circumstances" to which the trial court referred included a consideration of the results of the field sobriety tests. This Court sustains his first and second assignments of error, therefore, based solely on the trial court's failure to make findings of fact and conclusions of law regarding substantial compliance with the NHTSA guidelines. *See generally State v. Mackim*, 9th Dist. Summit No. 28741, 2018-Ohio3033, ¶ 18.

### ASSIGNMENT OF ERROR NO. 3

DID THE TRIAL COURT ERROR [*SIC*] IN FAILING TO SUPPRESS THE RESULTS OF THE BREATHALYZER TEST WHEN THE STATE FAILED TO MEET [ITS] EVIDENTIARY BURDEN TO ESTABLISH THAT THE TEST WAS ADMINISTERED IN SUBSTANTIAL COMPLIANCE WITH THE

APPLICABLE REVISED CODE AND ADMINISTRATE CODE REGULATIONS[?]

{¶9} Mr. Malson's third assignment of error, which challenges the trial court's decision with respect to the results of the breathalyzer test administered after his arrest, is premature. This Court declines to address it at this time.

III.

{¶10} Mr. Malson's first and second assignments of error are sustained as explained herein. His third assignment of error is premature. This matter is remanded to the trial court for the sole purpose of permitting the trial court to make findings of fact and conclusions of law regarding substantial compliance with the NHTSA guidelines.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

PATRICK D. QUINN and RONALD A. ANNOTICO, Attorneys at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER and GRACE K. BARNARD, Assistant Directors of Law, for Appellee.