[Cite as *State v. Kline*, 2020-Ohio-23.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

LORI KLINE

    Appellant

C.A. No.    29432

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2018-07-2291

DECISION AND JOURNAL ENTRY

Dated: January 8, 2020

CALLAHAN, Judge.

{¶1}   Appellant, Lori Kline, appeals an order that denied her motion to suppress.  This Court reverses.

I.

{¶2}   On July 12, 2018, police officers from the City of Norton responded to a report that a vehicle was parked in a clear, grassy area underneath high-tension power lines near Cleveland-Massillon Road.  The power lines, which are owned by FirstEnergy, run parallel to nearby railroad tracks owned by the Akron Barberton Beltway Railroad Company.  The vehicle, which was empty, was registered to Ms. Kline.  The officers obtained a LEADS report and, in the process, also received a narrative history of Ms. Kline's previous interaction with the Barberton police.  That history indicated that Ms. Kline had been warned on two occasions about trespassing near railroad tracks.

{¶3} The officers walked the surrounding property in an attempt to locate Ms. Kline, but were unsuccessful. When they returned to the vehicle, they noticed that someone was approaching from a wooded area nearby. That individual, who the officers identified as Ms. Kline, carried several bags. The officers initiated a conversation with her near her vehicle and asked what she carried in the bags. She set the bags down and opened one to show the officers that it contained rocks that she had collected. The officers searched each of her bags and ultimately found methamphetamine in one.

{¶4} Ms. Kline was charged with aggravated possession of drugs in violation of R.C. 2925.11(A)/(C)(1). She moved to suppress the evidence gained as a result of the search of her bags and all statements made by her, arguing that the officers did not have reasonable suspicion to detain her, lacked probable cause to arrest her, and failed to comply with the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). During the hearing on the motion to suppress, she also argued that she did not consent to the search of her bags. The trial court denied the motion to suppress, concluding that Ms. Kline consented to the search. The trial court also concluded that the officers had probable cause to arrest Ms. Kline for criminal trespassing and reasoned that "[the officers] could search her and her items pursuant to that arrest." The trial court did not consider whether the officers had reasonable suspicion to detain Ms. Kline in the first instance.

{¶5} Ms. Kline pleaded no contest to the charge. The trial court found her guilty and sentenced her to two years of community control. Ms. Kline filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING MS. KLINE'S MOTION TO SUPPRESS BECAUSE OFFICERS VIOLATED MS. KLINE'S FOURTH AMENDMENT RIGHTS AGAINST UNREASONABLE SEARCHES AND SEIZURES.

{¶6} In her only assignment of error, Ms. Kline argues that the trial court erred by denying her motion to suppress because the officers lacked reasonable suspicion to detain her, did not have probable cause to arrest her prior to the search of her bags, and did not have consent to conduct that search.

{¶7} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id.*; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶8} In this case, however, the trial court did not make either findings of fact or conclusions of law on the threshold issue of whether the officers had reasonable suspicion to detain Ms. Kline. This Court cannot address this issue on appeal in the first instance, and the trial court's failure to address this issue renders our consideration of the other issues raised by Ms. Kline premature. *Compare State v. Malson*, 9th Dist. Summit No. 29310, 2019-Ohio-4447, ¶ 8. This Court sustains Ms. Kline's assignment of error, therefore, based solely on the trial

court's failure to make findings of fact and conclusions of law regarding whether the officers had reasonable suspicion to detain her. *See id.*

## III.

{¶9} Ms. Kline's assignment of error is sustained as explained herein. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court for the sole purpose of making findings of fact and conclusions of law regarding whether the officers had reasonable suspicion to detain Ms. Kline.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

KRISTEN KOWALSKI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.