[Cite as *State v. Diamond*, 2023-Ohio-40.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 22CA011837 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD DIAMOND | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 21CR104689 |

DECISION AND JOURNAL ENTRY

Dated: January 9, 2023

TEODOSIO, Presiding Judge.

{¶1} Defendant-Appellant, Ronald Diamond, appeals from the judgment of the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Diamond was indicted on: (1) one count of aggravated murder, in violation of R.C. 2903.01(A), an unclassified felony, with a three-year firearm specification; (2) one count of murder, in violation of R.C. 2903.02(A), an unclassified felony, with a three-year firearm specification; (3) two counts of murder, in violation of R.C. 2903.02(B), an unclassified felony, with a three-year firearm specification; (4) one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, with a three-year firearm specification; and (5) one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with a three-year firearm specification.

{¶3} Originally, after pleading not guilty to the indictment, Mr. Diamond changed his plea to no contest on each count and specification in the indictment, and the trial court found him guilty. Further, the trial court merged the counts as allied offenses of similar import, and the State elected to proceed to sentencing on the aggravated murder conviction. Mr. Diamond was sentenced to a prison term of life without parole to be served consecutively with a three-year prison term on the firearm specification. On August 30, 2021, the trial court issued a sentencing entry reflecting Mr. Diamond's plea and sentence. Notably, Mr. Diamond did not file a direct appeal from the August 30, 2021 sentencing entry.

{¶4} Subsequent to his imprisonment and after the time had passed for filing a direct appeal, Mr. Diamon filed several pro se motions including those styled as: (1) a motion to correct the record with a final, appealable order; and (2) a motion for the appointment of counsel. In these motions, Mr. Diamond argued: (1) the August 30, 2021 sentencing entry lacked a time-stamp of the clerk of courts and was therefore not a final, appealable order; and (2) for the appointment of appellate counsel to file either a direct or delayed appeal. On January 4, 2022, the trial court denied both motions. In so doing, the trial court explained the sentencing entry did have the clerk of court's time-stamp of August 30, 2021, and Mr. Diamond pointed to no statute or case law giving him the right to court-appointed appellate counsel "after his no-contest plea."

{¶5} Mr. Diamond now appeals the trial court's decision raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR ONE**

**[MR. DIAMOND'S] SUBSTANTIAL RIGHTS WERE VIOLATED WHEN THE TRIAL COURT FAILED TO ISSUE A JUDGMENT OF CONVICTION AND SENTENCE THAT IS FINAL AND APPEALABLE**

**PURSUANT TO [*STATE V. BAKER*], 119 OHIO ST.3D 197; [*STATE V. LESTER*], 130 OHIO ST.3D 303.**

{¶6} In his first assignment of error, Mr. Diamond argues the August 30, 2021 sentencing entry is not a final, appealable order because it lacks a time-stamp from the clerk of courts. For the following reasons, we disagree.

{¶7} The Supreme Court of Ohio, in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, paragraph one of the syllabus, held a judgment of conviction complies with Crim.R. 32(C) when it sets forth four essential elements. The Supreme Court of Ohio has since "clarified those elements to be (1) the fact of conviction, (2) the sentence, (3) the signature of the judge, and (4) entry on the journal by the clerk of courts." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, ¶ 22, abrogated by *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, for other reasons; *see also State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. Moreover, "[i]f a judgment of conviction includes these substantive provisions, it is a final order subject to appeal under R.C. 2505.02." *Id*. at ¶ 23, citing *Lester* at ¶ 14.

{¶8} Here, the record reveals the sentencing entry, in fact, was time-stamped by the clerk of courts and entered upon the journal on August 30, 2021. Additionally, the August 30, 2021 sentencing entry includes the fact of conviction, the sentence, and the signature of the trial judge, making it a final order subject to appeal under R.C. 2505.02. Although the time-stamp on *Mr. Diamond's copy* of the August 30, 2021 sentencing entry may have been faded or difficult to decipher, the original August 30, 2021 sentencing entry, as reflected by the record, fully complies with Crim.R. 32(C).

{¶9} Accordingly, Mr. Diamond's first assignment of error is overruled.

**ASSIGNMENT OF ERROR TWO**

[MR. DIAMOND'S] SUBSTANTIAL AND CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN, PRESUMING THE JUDGMENT OF CONVICTION AND SENTENCE IS NOT APPEALABLE, THE TRIAL COURT REFUSED TO APPOINT COUNSEL FOR DIRECT APPEAL; OR, IN THE ALTERNATIVE, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO APPOINT COUNSEL TO FILE FOR DELAYED APPEAL.

{¶10} In his second assignment of error, Mr. Diamond argues the trial court erred in failing to appoint appellate counsel, pursuant to his post-conviction motion, for either a direct or delayed appeal. We, however, are not persuaded by Mr. Diamond's argument.

{¶11} Crim.R. 44(A) states, in relevant part, "[w]here a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant at every stage of the proceedings from their initial appearance before a court through appeal as of right[.]" Further, "[i]f a trial court does not notify a criminal defendant about his right to appeal the court's judgment, the remedy is a delayed appeal[.]" *State v. Fair*, 9th Dist. Summit No. 27293, 2014-Ohio-5776, 4. *See also* Crim.R. 44(A). Thus, after the expiration of the thirty day period to file a direct appeal, a defendant may file "[a] motion for leave to appeal * * * with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right." App.R. 5(A)(2).

{¶12} As indicated above, the August 30, 2021 sentencing entry is a final, appealable order. Therefore, Mr. Diamond's time to file a direct appeal expired on September 29, 2021. However, in his appellate brief, Mr. Diamond stated: "[a]ppellant submits that if he had known he had the right to appeal, he would have. And * * * the fact that the trial court stated in its [January 4, 2022 order] that the right to appeal was not applicable in this case indicates that appellant was

not advised of such a right."[1]  Although the trial court wrongly concluded, in its January 4, 2022 order, that "[a] plea of no-contest does not vest [Mr. Diamond] with a direct appeal as of right or the concurrent right to the appointment of counsel[,]" the trial court nonetheless correctly denied Mr. Diamond's motion to appoint appellate counsel.  Indeed, at that juncture, Mr. Diamond's time for direct appeal had expired and Mr. Diamond had not yet filed a motion, pursuant to App.R. 5(A), for delayed appeal.

{¶13}  Accordingly, Mr. Diamond's second assignment of error is overruled.

III.

{¶14}  Mr. Diamond's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

---

[1] We note the August 30, 2021 sentencing entry indicates Mr. Diamond was advised of his appellate rights.  However, the transcript of Mr. Diamond's sentencing hearing was not made part of the record on appeal.  As such, without the sentencing transcript, this Court would typically presume regularity in the proceedings.

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

RONALD DIAMOND, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.