[Cite as *State v. Kline*, 2024-Ohio-150.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.   30801 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LORI ANN KLINE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 18 07 2291 |

DECISION AND JOURNAL ENTRY

Dated: January 17, 2024

SUTTON, Presiding Judge.

{¶1}   Defendant-Appellant, Lori Kline, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   Officers found a vehicle parked below power lines in an area off Cleveland-Massillon Road.  The power lines and a grassy maintenance road offering access to the lines were owned by Ohio Edison/First Energy.  The power company's property abutted a wooded area and railroad tracks.  The railroad tracks were owned by the Barberton Beltway Railroad Company.

{¶3}   Officers ran the vehicle's registration and discovered that it was registered to Ms. Kline.  They also discovered that another police department had issued Ms. Kline verbal warnings on two prior occasions when she trespassed on property belonging to the Barberton Beltway Railroad Company.  As officers waited by Ms. Kline's vehicle and attempted to locate her, she emerged from a wooded area near the railroad tracks.

**{¶4}** Ms. Kline approached the officers carrying several bags. She indicated that she did not know she was on private property and denied going near the railroad tracks. She told the officers she had been collecting glass and rocks from a nearby riverbed and opened her bags for them. The officers then began searching her bags. While searching one of her bags, an officer discovered several items coated with white residue. Testing later confirmed the substance was methamphetamine. Following the search, the officers arrested Ms. Kline.

**{¶5}** A grand jury indicted Ms. Kline on one count of aggravated possession of methamphetamine. She filed a motion to suppress, and the trial court held a suppression hearing. After the court denied her motion, Ms. Kline entered a no contest plea. The trial court sentenced her to community control and stayed her sentence so she could appeal its suppression ruling.

**{¶6}** Ms. Kline appealed, but this Court was unable to review the merits of her challenge. A review of the record revealed that the trial court did not address a portion of her suppression argument. *State v. Kline*, 9th Dist. Summit No. 29432, 2020-Ohio-23, ¶ 8. Specifically, it did not address Ms. Kline's foundational claim that officers lacked reasonable suspicion to detain her. This Court remanded the matter "to the trial court for the sole purpose of making findings of fact and conclusions of law regarding whether the officers had reasonable suspicion to detain Ms. Kline." *Id.* at ¶ 9.

**{¶7}** Following our remand, the trial court issued a supplemental ruling on Ms. Kline's motion to suppress. The trial court appointed Ms. Kline new appellate counsel, and she appealed. The trial court indicated that it would continue to hold Ms. Kline's sentence in abeyance during the pendency of her appeal.

**{¶8}** Ms. Kline's appeal is now before this Court. She raises six assignments of error for our review. For ease of analysis, we combine several of her assignments of error.

II.

## ASSIGNMENT OF ERROR I

**THE APPELLATE COURT LACKS JURISDICTION TO CONSIDER THIS APPEAL BECAUSE THE TRIAL COURT FAILED TO ISSUE A FINAL, APPEALABLE ORDER.**

{¶9}     In her first assignment of error, Ms. Kline argues that this Court lacks jurisdiction to address the merits of her appeal because the trial court never issued a final, appealable order following this Court's remand.  We do not agree.

{¶10}  This Court's jurisdiction is limited to appeals taken from judgments and final, appealable orders.  Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02.  A judgment of conviction is final when it fully complies with Crim.R. 32(C).  *State v. Diamond*, 9th Dist. Lorain No. 22CA011837, 2023-Ohio-40, ¶ 7.  This Court reviews jurisdictional challenges de novo.  *State v. Robinson*, 9th Dist. Summit No. 26365, 2012-Ohio-3669, ¶ 7.

{¶11}  The trial court issued Ms. Kline's judgment of conviction on May 16, 2019. According to Ms. Kline, this Court nullified that judgment when it reversed and remanded this matter in the prior appeal.  She argues that, on remand, the trial court was required to issue a new judgment entry of conviction.  Because it only issued a new suppression order, Ms. Kline argues that no judgment of conviction exists and this Court lacks jurisdiction to hear her appeal.

{¶12}  This Court did not vacate Ms. Kline's judgment of conviction in her prior appeal. Rather, we remanded the matter "to the trial court *for the sole purpose* of making findings of fact and conclusions of law regarding whether the officers had reasonable suspicion to detain Ms. Kline."  (Emphasis added.)  *Kline*, 2020-Ohio-23, at ¶ 9.  The record reflects that the trial court adhered to the scope of our limited remand.  *See State v. Gales*, 9th Dist. Summit No. 30532, 2023-Ohio-2753, ¶ 5 (limited remand does not permit trial court to address other aspects of its judgment).

Having complied with our mandate, no further action on the part of the trial court was required. We conclude that Ms. Kline's appeal is properly before us for review. *See State v. Trivett*, 9th Dist. Medina Nos. 17CA0032-M, 17CA0049-M, 2018-Ohio-3926, ¶ 3-4; *State v. Purefoy*, 9th Dist. Summit No. 28597, 2018-Ohio-246, ¶ 3-4; *State v. Gilmore*, 9th Dist. Summit No. 27980, 2016-Ohio-8282, ¶ 5-7.

{¶13} Accordingly, her first assignment of error is overruled.

<u>**ASSIGNMENT OF ERROR II**</u>

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED [MS. KLINE'S] MOTION TO SUPPRESS.**

{¶14} In her second assignment of error, Ms. Kline argues the trial court erred when it denied her motion to suppress. Specifically, she argues that officers lacked reasonable suspicion to detain her, did not have probable cause to arrest her prior to the search of her bags, and did not have consent to conduct that search.

{¶15} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶16} The trial court made each of the following factual findings. City of Norton Police Department Officer Christopher Beese, a ten-year veteran, responded to an area off Cleveland-

Massillon Road. An employee from the Norton Fire Department had reported that a white vehicle was parked in a private clearing beneath power lines owned by Ohio Edison/First Energy. The power lines were on one side of a maintenance road owned by the power company. Railroad tracks located on the other side of the maintenance road belonged to the Barberton Beltway Railroad Company.

{¶17} When Officer Beese and a second officer arrived on scene, they spotted a white, abandoned vehicle beneath the power lines. They ran the vehicle's registration and discovered that it was registered to Ms. Kline. Officer Beese also discovered that the Barberton Police Department had issued verbal warnings to Ms. Kline on two prior occasions. Specifically, she had been warned to stop trespassing on railroad tracks located in Barberton. Officer Beese noted that those tracks were an extension of the ones running alongside the maintenance road.

{¶18} Officer Beese and the second officer were standing nearby Ms. Kline's vehicle when she emerged from a tree line on the railroad track side of the maintenance road. She walked toward the officers carrying three bags, one of which was lime green. She and the officers exchanged greetings, and she set her bags on the ground. When the second officer asked what was in the bags, Ms. Kline said she had been collecting rocks and opened one of the bags to show the officers. The trial court found that Ms. Kline then unzipped the lime green bag and began to describe its contents to the officers. At that point, the trial court found, the second officer told Ms. Kline to "hold on" and slid the lime green bag over to Officer Beese. Officer Beese searched the lime green bag and found suspected methamphetamine inside a large cigarette holder.

{¶19} Ms. Kline challenges two of the trial court's findings. First, she challenges the court's finding that her vehicle was "abandoned." She argues that there was no evidence she intended to relinquish her ownership of the vehicle. Yet, nothing in the record suggests the trial

6

court employed the word "abandoned" as a term of art. The court merely used the word as a synonym for unattended. Officer Beese testified that he and a second officer found Ms. Kline's vehicle empty upon their arrival. Thus, the record contains competent, credible evidence in support of the trial court's finding that the vehicle was abandoned. This Court accepts that finding as true. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.

{¶20} Second, Ms. Kline argues the trial court erred when it found that the second officer told her to "hold on" before he passed her lime green bag to Officer Beese. A review of a recording from Officer Beese's bodycam reveals that, before the second officer touched Ms. Kline's bag, he told her to "calm down, calm down." He never instructed her to "hold on." Thus, to the extent the trial court made that finding, it is not based on competent, credible evidence. This Court will disregard that finding in conducting its independent legal determination. *See id.*

{¶21} Ms. Kline has not challenged any of the trial court's remaining factual findings. Our review of the record reveals that those findings are based on competent, credible evidence. Thus, we accept them as true and employ them in our independent legal analysis. *See id.*

Reasonable Suspicion

{¶22} "[A] law enforcement officer may initiate a stop when the officer has a reasonable and articulable suspicion that the individual has been, is, or is about to engage in criminal activity." *State v. Yoder*, 9th Dist. Summit No. 29697, 2021-Ohio-496, ¶ 7. "Reasonable suspicion is based on the totality of the circumstances." *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 10. "A totality of the circumstances review includes consideration of '(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances.'" *State v. Kordich*, 9th Dist. Medina No.

15CA0058-M, 2017-Ohio-234, ¶ 7, quoting *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14.

{¶23} The trial court found that officers were justified in detaining Ms. Kline because they had reasonable suspicion to believe she was committing the crime of criminal trespassing. Ms. Kline argues that reasonable suspicion did not exist because the area was devoid of any "no trespassing" signs or other indications that it was closed to the public. She notes that she immediately explained her presence to the officers by informing them that she had been collecting rocks and glass from a nearby riverbed. According to Ms. Kline, the officers were not justified in detaining her because she explained her rationale for being there.

{¶24} Upon consideration of the totality of the circumstances, we must conclude that officers had reasonable suspicion to detain Ms. Kline. *See Kordich* at ¶ 7, quoting *Biehl* at ¶ 14. Officer Beese testified that Ms. Kline left her vehicle under a power line next to a private maintenance road. The recording from his bodycam showed an unpaved road bisecting a series of power lines and a wooded area that obfuscated the railroad tracks. The area below the power lines was comprised entirely of grass. There was no paved entryway or parking lot, and no other vehicles were parked there. Officer Beese testified that the area was owned by the power company, and the railroad tracks were owned by the Barberton Beltway Railroad Company. Moreover, he testified that Ms. Kline had received two prior warnings from a nearby police department related to her trespassing on railroad tracks. Ms. Kline emerged from a wooded area near the railroad tracks. Her conduct, coupled with her prior history, provided the officers with reasonable suspicion to investigate, determine whether she was trespassing, and decide whether to take any formal action against her. Accordingly, the trial court did not err when it found that the officers were justified in detaining Ms. Kline.

The Bag Search

**{¶25}** The trial court found that Officer Beese was justified in conducting a warrantless search of Ms. Kline's lime green bag. The court concluded that Ms. Kline consented to the search by willingly opening her bags and offering them to the officers. Alternatively, the court concluded that officers had probable cause to arrest Ms. Kline for trespassing, and thus, could search her bags incident to her arrest. The court found that searches of property pursuant to an arrest may precede the actual arrest so long as probable cause for the arrest exists.

**{¶26}** Ms. Kline challenges the trial court's decision to uphold the warrantless search of her bag. First, Ms. Kline argues that the police lacked a basis to search her incident to a lawful arrest. She claims there was no probable cause to arrest her prior to the search because she explained her presence at the scene and had no reason to know she was trespassing. Second, she argues that she never consented to the search. According to Ms. Kline, the police wrongly assumed she consented to a search after she opened a single bag of rocks and showed them to the officers. She claims she never touched her lime bag after she set it on the ground. She also claims she was told to "calm down" because the police recognized that she was upset.

**{¶27}** Police officers may conduct warrantless searches of an arrestee and any items within his or her immediate control incident to a lawful arrest. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 182-183. "[T]he actual arrest need not precede the search as long as the fruits of the search are not used to support probable cause for the arrest." *State v. Jones*, 112 Ohio App.3d 206, 215 (2d Dist.1996), citing *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980). "'Where the police officer has probable cause to arrest independent of the items obtained in the search, but does not arrest until shortly after the search, the search is not offensive to the Fourth Amendment to the United States Constitution.'" *State v. Duncan*, 9th Dist. Summit No. 21155, 2003-Ohio-

241, ¶ 19, quoting *State v. Bing*, 134 Ohio App.3d 444, 447-448 (9th Dist.1999). *Accord State v. Allen*, 9th Dist. Wayne No. 02CA0059, 2003-Ohio-2847, ¶ 15.

{¶28} "[A] probable cause determination is a fact-intensive inquiry that 'requires consideration of the totality of the circumstances known to the officer at the time of the arrest.'" *State v. Davis*, 9th Dist. Summit No. 29273, 2020-Ohio-473, ¶ 19, quoting *State v. Ray Rogers*, 9th Dist. Wayne No. 16AP0014, 2017-Ohio-357, ¶ 9. "The amount of evidence necessary for probable cause to suspect a crime is being committed is less evidence than would be necessary to support a conviction of that crime at trial." *State v. McGinty*, 9th Dist. Medina No. 08CA0039-M, 2009-Ohio-994, ¶ 11. There need only be "a probability of criminal activity * * *." *Id.*

{¶29} As previously noted, officers found Ms. Kline's empty vehicle parked in an otherwise empty clearing below a series of power lines. There were no other vehicles around, the area was not paved, and only a solitary, grassy maintenance road led into the area. The officers witnessed Ms. Kline emerge from a distant tree line on the railroad side of the maintenance road. At that time, the officers knew Ms. Kline had received two, prior verbal warnings for trespassing on railroad tracks in a nearby area. They also knew that the property on either side of the maintenance road was privately owned, either by the power company or the railroad company. The only explanation Ms. Kline gave for her behavior was that she was collecting rocks and glass from a nearby riverbed. The officers had no information to indicate that she had permission to be in that area.

{¶30} Having reviewed the record, we must conclude that officers had probable cause to arrest Ms. Kline for trespassing. *See* R.C. 2911.21 (defining the crime of criminal trespass). Ms. Kline argues that the police lacked probable cause to arrest her because they never saw her on the railroad tracks, she explained her presence for being there, and there was no evidence that the area

she was in had any signs or other notifications to ward against trespassing. To justify Ms. Kline's arrest, however, the State did not have to prove she was guilty of criminal trespassing beyond a reasonable doubt. Officers only needed to reasonably believe, under the totality of the circumstances, that there was a probability she was committing a crime. The information the officers possessed at the time they encountered Ms. Kline, including the secluded nature of the area, its proximity to both power lines and railroad tracks, and Ms. Kline's prior history of having been warned against trespassing on railroad tracks on two prior occasions, gave rise to probable cause that she was engaging in criminal activity. Accordingly, we must conclude that officers had probable cause to arrest her and to search her bag incident to that arrest. The fact that the search preceded the arrest is inapposite. *See Duncan*, 2003-Ohio-241, at ¶ 19, quoting *Bing*, 134 Ohio App.3d at 447-448. Likewise, the fact that prosecutors ultimately chose not to pursue a trespassing charge against Ms. Kline is inapposite. *See State ex rel. Whittaker v. Lucas County Prosecutor's Office*, 164 Ohio St.3d 151, 2021-Ohio-1241, ¶ 11 ("[A] prosecutor has broad discretion in deciding whether to file particular charges."). The trial court did not err when it concluded that officers were justified in searching Ms. Kline's bag incident to her arrest. This Court rejects her argument to the contrary.

**{¶31}** Because we have already determined that officers could search Ms. Kline's bag incident to her lawful arrest, we need not also consider whether she lawfully consented to that search. Upon review, the trial court did not err when it denied Ms. Kline's motion to suppress.

**{¶32}** Her second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY IMPOSING COMMUNITY CONTROL WITHOUT A PRESENTENCE INVESTIGATION REPORT IN VIOLATION OF R.C. 2951.03(A)(1) AND CRIM.R. 32.2.**

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN NOT PROVIDING [MS. KLINE] WITH HER RIGHT TO ALLOCUTION AT THE TIME OF SENTENCING IN VIOLATION OF R.C. 2929.19(A) AND CRIM.R. 32(A).**

## ASSIGNMENT OF ERROR V

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED [MS. KLINE] WITHOUT PROPERLY GIVING HER ALL THE REQUIRED NOTIFICATIONS REGARDING THE RANGE OF PUNISHMENTS THE TRIAL COURT MAY IMPOSE IN THE EVENT OF A COMMUNITY CONTROL VIOLATION.**

## ASSIGNMENT OF ERROR VI

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED [MS. KLINE] WITHOUT PROPERLY GIVING HER ALL THE REQUIRED NOTIFICATIONS CONCERNING POST-RELEASE CONTROL.**

**{¶33}** In her remaining assignments of error, Ms. Kline challenges various aspects of her sentence. For the following reasons, we reject her arguments.

**{¶34}** "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. It encompasses "any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

**{¶35}** After Ms. Kline was convicted, she filed an appeal with this Court. In her first appeal, she raised one assignment of error. *See Kline*, 2020-Ohio-23, at ¶ 6-8. That assignment of error concerned the trial court's suppression ruling. Ms. Kline did not raise any arguments related to her sentencing proceedings.

{¶36} In ruling on Ms. Kline's assignment of error in her first appeal, this Court did not vacate her judgment of conviction. *See* Discussion, *supra* at ¶ 16. This Court remanded the matter to the trial court "for the sole purpose of making findings of fact and conclusions of law regarding whether the officers had reasonable suspicion to detain Ms. Kline." *Kline* at ¶ 9. The trial court complied with our limited remand and issued a supplemental entry in support of its suppression ruling. The trial court did not issue a new judgment entry of conviction or disturb Ms. Kline's sentence.

{¶37} In this appeal from the trial court's supplemental ruling on her motion to suppress, Ms. Kline now seeks to challenge several aspects of her sentence. Those arguments are barred by res judicata, however, as Ms. Kline could have raised them in her prior appeal. *Ketterer* at ¶ 59; *Perry* at paragraph nine of the syllabus. Ms. Kline is not appealing from a new judgment of conviction. Instead, the only new order at issue in this appeal is the trial court's supplemental ruling on her motion to suppress. Ms. Kline's new sentencing arguments do not relate to that ruling. The errors she is now alleging occurred prior to her first appeal in this matter, and there was nothing to prevent her from assigning them as errors in her first appeal. Because Ms. Kline did not raise the foregoing errors in her prior appeal, res judicata bars her from asserting them for the first time in this appeal.

{¶38} Ms. Kline's third, fourth, fifth, and sixth assignments of error are overruled on that basis.

### III.

{¶39} Ms. Kline's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.