[Cite as *State v. Ramsay*, 2021-Ohio-2870.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  19CA0016-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GAVON N. RAMSAY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.  18CR0548 |

DECISION AND JOURNAL ENTRY

Dated: August 23, 2021

HENSAL, Presiding Judge.

{¶1} Gavon Ramsay appeals his sentence to life imprisonment without the opportunity for parole from the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} This Court explained the background of this case in *State v. Ramsay*, 9th Dist. 19CA0016-M, 2020-Ohio-1203:

> Mr. Ramsay murdered a 98-year old woman after breaking into her house. He then abused her corpse before stuffing it into a hall closet. He was 17 years old at the time. A few weeks later law enforcement found video evidence of the events on Mr. Ramsey's cell phone while investigating a different matter. The Grand Jury indicted Mr. Ramsay on one count of aggravated murder, two counts of murder, three counts of felony murder, one count of aggravated burglary, one count of kidnapping, and one count of abuse of a corpse. After the trial court denied Mr. Ramsay's motion to suppress, he pleaded no contest to the offenses. The trial court found him guilty of the offenses and, following an evidentiary hearing, sentenced him to life imprisonment without the possibility of parole for the aggravated murder offense. The court also sentenced Mr. Ramsay to 10 years for aggravated burglary,

10 years for kidnapping, and 12 months for abuse of a corpse, which it ordered to run consecutive to each other and to the sentence for aggravated murder.

*Id*. at ¶ 2.

{¶3}     On appeal, Mr. Ramsay challenged his sentence of life without parole and argued that the trial court failed to merge his offenses at sentencing.  This Court determined that Revised Code Section 2953.08(D)(3) barred it from reviewing Mr. Ramsay's sentence for aggravated murder and that Mr. Ramsay had failed to establish that the trial court should have merged the offenses.  *Id*. at ¶ 5, 11.  It, therefore, affirmed the trial court's judgment.  *Id*. at ¶ 12.

{¶4}     Mr. Ramsay appealed this Court's decision to the Ohio Supreme Court, which accepted the appeal and held it for the decision in *State v. Patrick*, __ Ohio St.3d __, 2020-Ohio-6803.  In *Patrick*, the Ohio Supreme Court held that Section 2953.08(D)(3) does not preclude "an appellate court from reviewing a sentence imposed by a trial court for aggravated murder when a defendant raises a constitutional claim regarding that sentence on appeal."  *Id*. at ¶ 1.  The Ohio Supreme Court subsequently "reversed" and "remanded" this Court's judgment to this Court "for application of [*Patrick*]."  *State v. Ramsay*, 162 Ohio St.3d 508, 2020-Ohio-6931, ¶ 1.  On remand, we requested additional briefing from the parties regarding *Patrick*, which the parties have submitted.[1]  We will address Mr. Ramsay's first and second assignments of error together.

---

[1] While Mr. Ramsay's case was pending with the Ohio Supreme Court, he filed an application to reopen with this Court, proposing four additional assignments of error that his appellate counsel should have raised.   Following the reversal of this Court's decision, this Court denied the application as moot.  In his supplemental brief, Mr. Ramsay has not sought to raise any additional assignments of error and has not argued the merits of any of the assignments of error that he proposed in his application to reopen.  Accordingly, this Court's decision will be limited to consideration of the assignments of error in Mr. Ramsay's original appellate brief.

II.

{¶5} Initially, we must address an argument made by the State on remand that Mr. Ramsay's sentencing arguments have been made moot by Section 2967.132. Effective April 12, 2021, Section 2967.132(C) provides that, [n]otwithstanding any provision of the Revised Code to the contrary, and regardless of when the offense * * * [was] committed * * *, a prisoner who is serving a prison sentence for an offense other than an aggravated homicide offense and who was under eighteen years of age at the time of the offense, * * * is eligible for parole[.]" An "[a]ggravated homicide offense" requires the purposeful killing of three or more persons, so Mr. Ramsay's aggravated murder offense is not such an offense. R.C. 2967.132(A)(1). Because Mr. Ramsay's offense was a homicide, however, Section 2967.132(C)(2) provides that he will be "eligible for parole after serving twenty-five years in prison."

{¶6} The sentences that a court may impose for an aggravated murder offense that does not include a specification of aggravating circumstances are life imprisonment without parole, life imprisonment with parole eligibility after 20 years, life imprisonment with parole eligibility after 25 years, and life imprisonment with parole eligibility after 30 years. R.C. 2929.03(A)(1) (2018). Accordingly, if this Court determines that the trial court incorrectly sentenced Mr. Ramsay, he could receive a sentence with parole eligibility after 20 years, which is earlier than the 25 years provided by Section 2967.132. We, therefore, conclude that Mr. Ramsay's alleged sentencing errors are not moot.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF LIFE WITHOUT PAROLE WHEN THE DEFENSE INTRODUCED SIGNIFICANT AND COMPELLING EVIDENCE THAT THE JUVENILE WAS CAPABLE OF BEING REFORMED IN THE OHIO PENAL SYSTEM AND HIS ACTIONS, ALTHOUGH HEINOUS AND CALCULATED, ARE PROBABLY ISOLATED AND UNLIKELY TO RECUR.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN FAILING TO SPECIFICALLY CONSIDER THE JUVENILE'S AGE AS A FACTOR IN MITIGATION OF PUNISHMENT PURSUANT TO THE OHIO SUPREME COURT'S HOLDING IN STATE V. LONG, 138 OHIO ST.3D 478 (2014).

{¶7}   In his first and second assignments of error, Mr. Ramsay argues that the trial court failed to specifically consider his age before imposing sentence.  He also argues that the court incorrectly imposed a sentence of life without parole even though there was evidence that he was capable of reformation.  According to Mr. Ramsay, he is not the rare sort of juvenile offender who is incapable of redemption.

{¶8}   The State argues that this Court should not reach Mr. Ramsay's arguments because even though the Ohio Supreme Court reversed this Court's decision so that it could apply *Patrick*, *Patrick* is distinguishable because Mr. Ramsay did not appeal his sentence to this Court on constitutional grounds.  According to the State, Mr. Ramsay did not argue that his sentence is unconstitutional because it is cruel and unusual under the Eighth Amendment until he was before the Ohio Supreme Court.

{¶9}   We do not agree with the State.  Although Mr. Ramsay's appellate brief does not directly assert that his sentence is unconstitutional under the Eighth Amendment, that is effectively what he has argued to this Court.  He begins by identifying the "seminal law on the imposition of life without parole on a juvenile offender[,]" which he claimed is found in *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), *Roper v. Simmons*, 543 U.S. 551 (2005), *Montgomery v. Louisiana*, 577 U.S. 190 (2016), and *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849.  Each of those cases analyzed the Eighth Amendment's prohibition of cruel and unusual punishment as it relates to juveniles.  Mr. Ramsay's arguments that the trial court erred when it

sentenced him draw directly from the constitutional standards that the United States Supreme Court and Ohio Supreme Court set forth in those cases. We, therefore, conclude that Mr. Ramsay did not forfeit any Eighth Amendment arguments and this Court may apply *Patrick* to his case.

{¶10} Regarding *Patrick*, the Ohio Supreme Court determined that Section 2953.08(D)(3) does not preclude a court of appeals from considering the appeal of a juvenile under Section 2953.02 who has been sentenced to life imprisonment without parole on constitutional challenges to a sentence. *Patrick*, __ Ohio St.3d __, 2020-Ohio-6803, at ¶ 16, 22. To the extent that Mr. Ramsay's arguments involve a question of law, we review them de novo. To the extent that they involved an exercise of the trial court's sentencing discretion, we review them for an abuse of that discretion. *See State v. Hill*, 70 Ohio St.3d 25, 29 (1994).

{¶11} One of Mr. Ramsay's arguments is that the trial court did not consider his age as a mitigating factor before imposing its sentence. In *Long*, the Ohio Supreme Court held that, "in exercising its discretion under R.C. 2929.03(A)," a sentencing court "must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life without parole." *Long*, 138 Ohio St.3d 478, 2014-Ohio-849 at paragraph one of the syllabus. It also held that, if the court imposes a prison term of life without parole, "[t]he record must reflect that the court specifically considered the juvenile offender's youth as a mitigating factor at sentencing * * *." *Id*. at paragraph two of the syllabus. The court, however, does not have to make a factual finding of permanent incorrigibility. *Jones v. Mississippi*, __ U.S. __, 141 S. Ct. 1307, 1318-1319 (2021).

{¶12} At the sentencing hearing, the trial court noted that, "[i]n determining [Mr. Ramsay's] sentence, the Court is to consider his age, taking into consideration the reckless nature of youth and the impetuousness of youth together with the age of the offender and the nature of

the crime." After explaining all the evidence that had been presented regarding Mr. Ramsay's sentence, including the fact that Mr. Ramsay was 17 years old at the time of the offenses, the court found that Mr. Ramsay was "unfit ever to reenter society notwithstanding the diminished culpability and greater prospects for reform that ordinarily distinguish juveniles from adults." The record, therefore, establishes that the trial court did consider the fact that Mr. Ramsay's age was a mitigating factor. It concluded, however, that "notwithstanding" Mr. Ramsay's youth, the only appropriate sentence was life imprisonment without parole eligibility.

**{¶13}** Mr. Ramsay also argues that the trial court incorrectly sentenced him to life imprisonment without parole eligibility because he is "irreparably corrupt beyond redemption[.]" Mr. Ramsay's argument can be divided into two parts. First, he argues that it violates the Eighth Amendment to sentence a juvenile to life imprisonment without parole eligibility unless the child is irreparably corrupt, which has also been described as "permanent incorrigibility." *Montgomery*, 577 U.S. 190, at 209. Second, he argues that the trial court incorrectly found that he is irreparably corrupt. He notes that psychological testing indicated that his prognosis is "guarded," which suggests that he has some likelihood of redemption. He also notes that, after being taken off Zoloft, he has been more cooperative, appropriately engaged, less tense, and exhibited a more positive mood during his sessions with a clinician. He alleges that he has shown remorse and a willingness to better himself by taking advantage of the educational programs that are available in prison. He also points to expert testimony that explained how he had no history of sadistic sexual events before being placed on Zoloft, a drug that can cause violence and aggression in patients and that is among the most frequently reported drugs for potentially causing or contributing to homicides.

**{¶14}** In *Montgomery*, the United States Supreme Court wrote that it had explained in *Miller* "that a lifetime in prison is a disproportionate sentence for all but the rarest of children,

those whose crimes reflect 'irreparable corruption.'" *Montgomery*, 577 U.S. at 195, quoting *Miller*, 567 U.S. at 479-480. In *Jones*, however, the Court deviated from what it had written about *Miller* in *Montgomery* and stated that *Miller* had actually "declined to characterize permanent incorrigibility as * * * an eligibility criterion" for life without parole. *Jones*, __ U.S. __, 141 S. Ct. at 1315. Instead, the Court wrote that *Miller* "mandated 'only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing' a life-without-parole sentence." *Id.* at 1316, quoting *Miller*, 567 U.S. at 489. According to *Jones*, "*Miller* did not require the sentencer to make a separate finding of permanent incorrigibility before imposing such a sentence. And *Montgomery* did not purport to add to *Miller*'s requirements." *Id.* In *Jones*, the United States Supreme Court limited *Miller* to its narrow holding that "a State may not impose a mandatory life-without-parole sentence on a murderer under 18." *Id.* at 1321. Similarly, it limited *Montgomery* to its holding that "*Miller* applies retroactively on collateral review." *Id.*

{¶15} Considering *Jones*'s conclusion that "a discretionary sentencing procedure" "safeguard[s] the limits imposed by the Cruel and Unusual Punishments Clause of the Eighth Amendment[,]" we reject Mr. Ramsay's argument that a juvenile cannot be sentenced to life imprisonment without parole eligibility unless his crime reflects irreparable corruption. *Id.* at 1322. In addition, because whether Mr. Ramsay is irreparably corrupt is not a determining factor for whether his sentence violates the Eighth Amendment, it follows that Mr. Ramsay's argument that the trial court incorrectly found that he is "irreparably corrupt beyond redemption" does not qualify as a constitutional argument that is entitled to appellate review under Section 2953.02 instead of being precluded under Section 2953.08(D)(3). *Patrick*, __ Ohio St.3d __, 2020-Ohio-6803, at ¶ 22 ("R.C. 2953.08(D)(3) does not preclude an appeal of a sentence for aggravated

murder or murder that is based on constitutional grounds.").[2] This Court, therefore, concludes that Mr. Ramsay has failed to establish that the trial court incorrectly sentenced him to life imprisonment without parole eligibility. Mr. Ramsay's first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO MERGE AGGRAVATED BURGLARY AND KIDNAPPING, COUNTS SEVEN AND EIGHT OF THE INDICTMENT, WITH EACH OTHER AND WITH COUNT ONE, AGGRAVATED MURDER.

{¶16} In his third assignment of error, Mr. Ramsay argues that the trial court should have merged his aggravated burglary and kidnapping offenses with the aggravated murder offense and with each other. This Court decided this issue on the merits in its previous decision and Mr. Ramsay did not challenge its decision on the issue to the Ohio Supreme Court. *Ramsay*, 2020-Ohio-3520 at ¶ 11. This Court's prior decision, therefore, remains the law of the case. *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, ¶ 22 ("The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels."). Mr. Ramsay's third assignment of error is overruled.

III.

{¶17} Mr. Ramsay's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[2] We note that Mr. Ramsay has not developed an as-applied Eighth Amendment claim of disproportionality. *See Jones* at 1322, citing *Harmelin v. Michigan*, 501 U.S. 957, 996-1009 (1991) (Kennedy, J., concurring in part and concurring in judgment).

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.