[Cite as *State v. Franks*, 2023-Ohio-4221.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 30723 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JERRY FRANKS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-1996-08-2041-B |

DECISION AND JOURNAL ENTRY

Dated: November 22, 2023

---

FLAGG LANZINGER, Judge

{¶1} Jerry Franks appeals from the judgment of the Summit County Court of Common Pleas, denying his motion for correction and clarification of his February 3, 1999, resentencing entry Nunc Pro Tunc. This Court affirms.

I.

{¶2} Relevant to this appeal, this Court set forth the procedural history of this case from Franks' direct appeal.

> On the evening of Sunday, August 4, 1996, [J.N.] was a guest in the Akron home of [S.W.] located at 963 Garfield Road. [J.N.] and [S.W.] had dated in the past, and [J.N.] was the father of two of [S.W.'s] three young children. Two other adults, [B.B.] and [K.G.], were also present. The four adults planned a trip to Cedar Point the following day, and [J.N.] spent the evening barbequing food for the outing on a grill located just outside the kitchen. Two of [S.W.'s] children slept on the couch, and the third was asleep in a second floor bedroom. [S.W.'s] home was relatively small: the first floor consisted of a living room and kitchen which were separated by a hallway leading to the front door. A second entrance in the kitchen led to the backyard where the grill was located.

As the evening progressed, [J.N.] and the other adults played cards at the kitchen table. [J.N.] sat nearest the door, and periodically left to check the grill. [B.B.] sat facing the door. The screen door was closed, but unlocked, and the inner door was open.

Between 1:00 and 1:30 a.m., [C.K.], who lived on a neighboring street, watched as a car with no lights on pulled up near her home. She observed two men as they got out of the car and ran through neighboring backyards toward Garfield Road. Five minutes later, she heard gunshots and a woman's scream.

As [J.N.], [S.W.], [B.B.], and [K.G.] continued to play cards, [B.B.] saw the screen door open. The first thing she noticed was a shiny silver gun coming through the door. Two men entered the home, Defendant and Toby Dee Brown. As they entered, they screamed for everyone to get down. [B.B.] ducked around the corner into the hallway and hid behind a couch in the living room. [S.W.] and [K.G.] fell to the floor in the hallway between the kitchen and the living room. [J.N.] remained in the kitchen.

Defendant, who carried the silver gun, followed [S.W.] and [K.G.] into the hallway. Brown, who carried a black gun, stayed in the kitchen with [J.N.]. Holding his gun to [K.G.]'s head, Defendant demanded money from [K.G.] and took forty-two dollars from [K.G.]'s pockets. In the kitchen, [J.N.] and Brown began to scuffle over the gun. Defendant left [K.G.] and [S.W.] in the hallway and joined Brown in the kitchen area. Seven shots were fired. [J.N.] was shot four times. Three of the wounds were nonfatal if treated, but the fourth ruptured his aorta causing massive bleeding, an immediately fatal injury. [J.N.] died within minutes.

Defendant and Brown fled the scene. As they sped backwards toward an intersection, the first police car arrived on the scene and a chase ensued. The officers pursued the assailants through the city of Akron until their car crashed into the fence surrounding a field at South High School. Both guns were discarded en route. Brown ran across the field; Defendant was apprehended as he crawled away from the car.

On August 29, 1996, the grand jury returned a direct indictment for Defendant on the charges of (1) one count of aggravated murder, pursuant to R.C. 2903.01(B), with a firearm specification, pursuant to R.C. 2941.145, and an aggravated circumstance specification, pursuant to R.C. 2929.04(A)(7); (2) two counts of aggravated robbery, pursuant to R.C. 2911.01(A)(1), with firearm specifications; (3) one count of aggravated burglary, pursuant to R.C. 2911.11(A), with a firearm specification; (4) one count of tampering with evidence pursuant to R.C. 2921.12(A); and (5) one count of failure to comply with an order or signal of a police officer pursuant to R.C. 2921.331. A capias was issued for Defendant's arrest, and he was arrested on September 3, 1996.

On July 11, 1996, following a jury trial, he was convicted of aggravated murder, aggravated robbery, aggravated burglary, and tampering with evidence. The jury found that all of the charged specifications were applicable. The charge of failure to comply with an order or signal of a police officer was dismissed. The jury found that Defendant was the "principal offender" in the aggravated murder under R.C. 2929.04(A)(7), and the case continued for a mitigation hearing on the death penalty specification. On July 21, 1996, the jury found that the aggravating factors did not outweigh mitigating factors and declined to recommend the death penalty. On September 8, 1996, Defendant was sentenced to life imprisonment with parole eligibility after thirty years for aggravated murder, plus three years served consecutively for possession of a firearm. He received two ten-year sentences for aggravated robbery and one five-year sentence each for aggravated burglary and tampering with evidence, all to be served **concurrently** with the life sentence.

(Emphasis added.) *State v. Franks*, 9th Dist. Summit No. 18767, 1998 WL 696777, *1-2 (Oct. 7, 1998) (*"Franks I"*).

{¶3} In *Franks I*, this Court misstated that Franks' sentence for aggravated burglary would be served concurrently with his sentence for aggravated murder. The original sentencing order read:

IT IS FURTHER ORDERED that the sentence imposed in Counts Three (3) [aggravated robbery], Four (4) [aggravated robbery], and Six (6) [tampering with evidence] be served CONCURRENTLY and not consecutively with each other and CONCURRENTLY and not CONSECUTIVELY with Count Two (2) [aggravated murder].

IT IS FURTHER ORDERED that the sentence imposed in Count Five (5) [aggravated burglary] be served CONSECUTIVELY and not concurrently with Count Two (2) [aggravated murder].

Within the trial court's original sentencing entry, the two ten-year sentences for aggravated robbery and five-year sentence for tampering with evidence would all be served concurrently with the thirty-year life sentence. The five-year sentence for aggravated burglary would be served consecutively with the thirty-year life sentence.

{¶4} In Franks' direct appeal, this Court affirmed his convictions and sentence, except for the principal offender specification attached to the aggravated murder conviction. This Court

reversed the guilty verdict on that specification and remanded the matter to the trial court for the limited purpose of resentencing Franks on his aggravated murder conviction. At the resentencing hearing, the trial court imposed a life sentence on the aggravated murder count with parole eligibility after 20 years with a consecutive three-year term on the firearm specification. The remaining sentences on all other counts of the trial court's sentence remained the same. The total aggregate prison term after remand was life in prison with parole eligibility after 28 years. Franks did not file a direct appeal from the trial court's limited resentencing judgment.

{¶5}   On March 23, 2023, Franks filed a motion for correction and clarification of the resentencing entry Nunc Pro Tunc. Franks asserted that this Court's errant synopsis changed the aggravated burglary term to be served concurrently. The trial court denied Franks' motion. He now appeals, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED TO DENY THE OHIO CRIM. R. 36 MOTION FOR CORRECTION AND CLARIFICATION OF THE RECORD NUNC PRO TUNC WHEN THE FEBRUARY 3RD 1999 RESENTENCING ENTRY WAS PARTIALLY SILENT AS TO THE COUNT 5 AGGRAVATED BURGLARY SENTENCE THAT WAS OTHERWISE MODIFIED TO RUN CONCURRENTLY WITH THE COUNT 2 AGGRAVATED MURDER SENTENCE FOLLOWING THE REMAND AND MANDATE BY THIS COURT UNDER OHIO REV. CODE §'S 2929.04(A)(7) AND 2953.08(G)(2) IN STATE V. FRANKS, 9TH DIST. APPEAL CASE NO. 18767, 1998 OHIO APP. LEXIS 4756 (SUMMIT, OCT. 7TH, 1998) AT [*5] AND [*19]. (ORDER DENYING 3/23/23 NUNC PRO TUNC MOTION ON 4/26/23).**

{¶6}   In his sole assignment of error, Franks argues that the trial court erred when it denied his motion for correction and clarification. Franks asserts that the trial court's resentencing entry contained a clerical mistake because it did not match this Court's synopsis in his original appeal. Franks asserts that Crim.R. 36 permits the trial court to correct a clerical mistake.

**{¶7}** "Crim.R. 36(A) permits a trial court, in its discretion, to correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." *State v. Brown*, 136 Ohio App.3d 816, 819 (3d Dist.2000); *see also State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 83; *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, ¶ 12. Such corrections "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** Although this Court in *Franks I* incorrectly recited that the trial court had run all of Mr. Franks' convictions concurrently, this mistaken recitation did not modify his sentence. In fact, this Court only reversed on the principal offender specification and affirmed the remainder of his sentence. This Court's prior decision, therefore, became and remains the law of the case. *State v. Ramsay*, 9th Dist. Medina No. 19CA0016-M, 2021-Ohio-2870, ¶ 16, quoting *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, ¶ 22 ("The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels.").

**{¶9}** Additionally, modifying the original sentencing entry or the resentencing entry to change the trial court's imposition of a consecutive prison term for Franks' aggravated burglary conviction would be a substantive change to his sentence. Substantive changes to a sentence are not authorized by Crim.R. 36. The trial court lacked authority under Crim.R. 36 and the law of the case to grant the relief requested in Franks' motion.

**{¶10}** Franks' sole assignment of error is overruled.

## III.

**{¶11}** Franks' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
CONCURS.

SUTTON, P.J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JERRY FRANKS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.