[Cite as *State v. Diamond*, 2024-Ohio-195.]

STATE OF OHIO       )           IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO                         C.A. No.      23CA011955

    Appellee

    v.                                     APPEAL FROM JUDGMENT
                                           ENTERED IN THE
RONALD DIAMOND               COURT OF COMMON PLEAS
                                           COUNTY OF LORAIN, OHIO
    Appellant                         CASE No.      21CR104689

DECISION AND JOURNAL ENTRY

Dated: January 22, 2024

---

STEVENSON, Judge:

**{¶1}** Defendant-Appellant Ronald Diamond appeals from the sentence of the Lorain County Court of Common Pleas for his aggravated murder conviction, alleging that the sentence does not properly weigh the statutory sentencing factors. Because R.C.2953.08(D)(3) does not permit review of the statutory factors in an aggravated murder sentence on appeal, this Court affirms.

I.

**{¶2}** The factual and procedural history of this case is set forth in *State v. Diamond,* 9th Dist. Lorain No. 22CA011837, 2023-Ohio-40 and is as follows:

> Mr. Diamond was indicted on: (1) one count of aggravated murder, in violation of R.C. 2903.01(A), an unclassified felony, with a three-year firearm specification; (2) one count of murder, in violation of R.C. 2903.02(A), an unclassified felony, with a three-year firearm specification; (3) two counts of murder, in violation of R.C. 2903.02(B), an unclassified felony, with a three-year firearm specification; (4) one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, with a three-year firearm specification; and (5) one count of felonious assault, in violation of R.C.

2903.11(A)(2), a felony of the second degree, with a three-year firearm specification.

Originally, after pleading not guilty to the indictment, Mr. Diamond changed his plea to no contest on each count and specification in the indictment, and the trial court found him guilty. Further, the trial court merged the counts as allied offenses of similar import, and the State elected to proceed to sentencing on the aggravated murder conviction. Mr. Diamond was sentenced to a prison term of life without parole to be served consecutively with a three-year prison term on the firearm specification. On August 30, 2021, the trial court issued a sentencing entry reflecting Mr. Diamond's plea and sentence.

*Id*. at ¶ 2-3. The victim in this case was Mr. Diamond's wife of 38 years who was suffering from a painful chronic illness. Mr. Diamond claimed that she had recently executed documents authorizing doctors to discontinue any life-saving measures, and that he shot her to put an end to her pain.

{¶3} On appeal, Mr. Diamond argued that the trial court failed to issue a final appealable order. *Id*. at ¶ 4. This Court affirmed the trial court's decision. *Id*. at ¶ 14. Thereafter, Mr. Diamond filed various post-judgment motions in the trial court and appealed the denial of those motions. Mr. Diamond then moved for a delayed appeal, which this Court granted. He advances one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN SENTENCING MR. DIAMOND TO LIFE WITHOUT THE POSSIBILITY OF PAROLE IN VIOLATION OF THE OVERRIDING PURPOSES AND PRINCIPLES OF SENTENCING AND IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.**

{¶4} We note that although Mr. Diamond states in his sole assignment of error that his sentence violated his constitutional rights, he does not make that argument in his merit brief. Rather, he confines his argument to the trial court's improper weighing of the statutory factors for sentencing found in R.C. 2953.08, 2929.11, and 2929.12. As will be explained below, because

Mr. Diamond has limited his argument to the statutory factors, appellate review of his sentence is barred by R.C. 2953.08(D)(3), which provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." Mr. Diamond's sentence fits within this prohibition as his sentence was imposed pursuant to his conviction under R.C. 2929.03.

{¶5} As this Court previously stated,

[i]n general, a defendant who is convicted of a felony may appeal his sentence on the basis that it is contrary to law. *See* R.C. 2953.08(A)(4). If the sentence is one 'imposed for aggravated murder or murder pursuant to [R.C.] 2929.02 to 2929.06,' however, it 'is not subject to review under [R.C. 2953.08].' R.C. 2953.08(D)(3). The Ohio Supreme Court has recognized that 'R.C. 2953.08(D) clearly precludes review of individual murder sentences imposed pursuant to [those sections] * * *.' *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 19.

*State v. McCarley*, 9th Dist. Summit No. 28657, 2018-Ohio-4685, ¶ 37.

{¶6} In *State v. Patrick,* 164 Ohio St.3d 309, 2020-Ohio-6803*,* the Supreme Court of Ohio "examined the limitations set forth in R.C. 2953.08(D)(3) relating to appellate review of sentences imposed under R.C. 2929.03." *State v. Blouir*, 9th Dist. Summit No. 30066, 2022-Ohio-1222, ¶ 15. The *Patrick* Court concluded that "R.C. 2953.08(D)(3) does not preclude an appeal of a sentence for aggravated murder or murder that is based on constitutional grounds." *Patrick* at ¶ 22. *Accord State v. Ramsay*, 9th Dist. Medina No. 19CA0016-M, 2021-Ohio-2870, ¶ 10 ("Regarding *Patrick,* the Ohio Supreme determined that Section 2953.08(D)(3) does not preclude a court of appeals from considering the appeal of a juvenile under Section 2953.02 who has been sentenced to life imprisonment without parole on constitutional challenges to a sentence.")

{¶7} As previously noted, Mr. Diamond does not challenge his sentence on constitutional grounds. His argument is that in his case, the factors found in R.C. 2953.08, 2929.11, and 2929.12 do not weigh in favor of a life sentence without the possibility of parole. Thus, as

explained above, Mr. Diamond made an argument that this Court is not authorized by statute to review. *McCarley* at ¶ 36-38 (we declined to address Defendant's argument that his aggravated murder sentence does not comport with former R.C. 2929.03 because R.C. 2953.08(D)(3) precludes review of individual murder sentences imposed under former R.C. 2929.03); *see also State v. Harper*, 5th Dist. Guernsey No. 21CA000019, 2022-Ohio-1966, ¶ 46 (trial court's sentence was based on an improper weighing of the statutory factors, and as such, pursuant to R.C. 2953.08(D)(3), the Fifth District was without statutory jurisdiction to review appellant's sentence). Accordingly, Diamond's assignment of error is overruled.

III.

**{¶8}** Diamond's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.